IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
David E. LEHMANN, Attorney at Law.

Supreme Court

*No. 91–0023–D. Submitted on briefs January 7,
1993.—Decided January 28, 1993.*

(Also reported in 494 N.W.2d 432.)

For the appellant there was a brief by *David E. Lehmann,* Madison.

For the Board of Attorneys Professional Responsibility there was a brief by *Paul W. Schwarzenbart,* Madison.

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

Attorney David E. Lehmann appealed from the referee's conclusions that he engaged in professional misconduct in his representation of two criminal defendants and from the referee's recommendation that the court

suspend his license for 60 days as discipline for that misconduct. We adopt the referee's findings and conclusions and determine that the recommended 60-day license suspension is appropriate discipline to impose for Attorney Lehmann's professional misconduct. Not only did Attorney Lehmann neglect the representation of two criminal defendants he was appointed to defend, but he intentionally disregarded those clients' legal matters, as well as the clients themselves. In addition, in one case, he attempted to deceive his client concerning the work he had agreed to do on that client's behalf.

Attorney Lehmann was licensed to practice law in Wisconsin in 1978 and practices in Madison. In 1984 the Board of Attorneys Professional Responsibility (Board) publicly reprimanded him for asking an insurer to make a client's personal injury settlement payable to himself and the client rather than to the firm with which he was employed and his taking a part of the proceeds of that settlement as his fee without prior knowledge or authorization of the firm and without disclosing it to the trustee in the firm's bankruptcy. In 1989 the Board privately reprimanded Attorney Lehmann for neglect in failing either to file a civil action on behalf of a client within the statute of limitations or to take steps to ascertain whether the client wanted to proceed in the matter. Attorney Lehmann and the Board of Attorneys Professional Responsibility stipulated to the facts in this proceeding and the referee, Attorney Norman Anderson, made findings of fact accordingly.

In September, 1988, Attorney Lehmann was appointed by the Public Defender to represent a man in postconviction and appellate proceedings arising out of his armed robbery conviction. After the Court of Appeals granted a motion extending the time for filing postconviction motions to December 22, 1988, Attorney Leh-

mann met with the client, at the client's request, and discussed the subject of the representation. Thereafter, the client wrote to Attorney Lehmann on December 18, 1988 concerning issues in the postconviction matter. Attorney Lehmann did not send a written reply but, on December 22, 1988, he filed a motion for postconviction relief on the client's behalf, although he filed no material in support of that motion. He did not send his client a copy of the motion, nor did he notify the client that the motion was filed.

After the client learned that Attorney Lehmann had filed the postconviction motion, he wrote to him on January 8, 1989 asking for a copy of the motion, a copy of a parole hearing transcript and a copy of jury instructions he previously had requested. He also asked the due date for filing a brief. Again Attorney Lehmann did not send a written reply. The following week Attorney Lehmann spoke with his client by telephone but their brief conversation addressed only the filing of the postconviction motion.

Soon thereafter, the client sent Attorney Lehmann a letter, enclosing a handwritten document entitled "Points and Authorities in Support of Petitioner's Motion for Writ of Habeas Corpus" and repeating his request for a copy of the postconviction motion. Attorney Lehmann did not send a written reply and when the client telephoned him on January 17, 1989 to discuss the habeas corpus memorandum he had sent, the call lasted approximately two minutes.

The circuit court scheduled a hearing on the post-conviction motion for February 7, 1989 but sent the client's notice of the hearing to the county jail, rather than to the prison where he was incarcerated. Although Attorney Lehmann received notice of the hearing, he did not contact his client to advise him of the hearing date.

The client wrote to Attorney Lehmann on January 30, 1989 asking for a response to his four previous letters and reiterating that participating in his own defense "is a must!" Attorney Lehmann did not reply.

On February 3, 1989 Attorney Lehmann sought a continuance of the hearing on the postconviction motion but did not send his client a copy of his letter requesting the continuance or otherwise notify the client of that request. The court rescheduled the hearing to March 7, 1989.

Toward the end of February, 1989, the client wrote to the Board of Attorneys Professional Responsibility complaining of Attorney Lehmann's representation in the matter. The Public Defender's office then sent the client a letter informing him of the rescheduled hearing date and suggesting that he withdraw the complaint he had made with the Board in order to permit Attorney Lehmann to continue representing him. That letter was the first indication the client had that his motion hearing had been rescheduled.

On March 2, 1989 Attorney Lehmann wrote to the client enclosing a copy of a February 20, 1989 letter he had written to the client but which had been returned for lack of postage. In the earlier letter, Attorney Lehmann told the client of the hearing date, apologized for his delay in responding, included a copy of the postconviction motion and acknowledged receipt of the client's memorandum, which Attorney Lehmann stated he "intend[ed] to incorporate in my brief to the Court with regard to my postconviction motions." In the letter dated March 2, 1989, Attorney Lehmann wrote, "The matter is currently scheduled for a March 7, 1989 hearing. I have filed a Brief in Support of your Motions." Contrary to his representations in the February 20, 1989 letter in regard to incorporating the client's memoran-

dum in his brief on the postconviction motions and his representation in the March 2, 1989 letter that he had filed a brief in support of those motions, Attorney Lehmann never prepared or filed a brief with the court in support of those motions.

In the March 2, 1989 letter, Attorney Lehmann also told the client that the Public Defender had contacted him in connection with the client's grievance filed with the Board and the client's letter to the Public Defender asking that another attorney be assigned to his case. Attorney Lehmann wrote that, as the grievance created a potential conflict of interest, it might require him to withdraw as the client's attorney at the postconviction hearing. He said, however, that if they resolved their differences in regard to the client's representation, he would continue to assist the client in the postconviction and appellate matters and, in any event, would appear at the postconviction hearing and represent his interests.

Following the initial meeting with the client on December 9, 1988, the only communication between the two, other than the letters the client sent to Attorney Lehmann, consisted of two telephone conferences and Attorney Lehmann's March 2, 1989 letter. On March 3, 1989 Attorney Lehmann filed a motion seeking permission to withdraw as counsel in the matter. Notwithstanding that motion to withdraw, the court held the hearing on the postconviction motions on March 7, 1989. Immediately prior to the commencement of that hearing, Attorney Lehmann filed with the court a typewritten copy of the client's handwritten memorandum his secretary had prepared.

In a second matter, Attorney Lehmann was appointed by the Public Defender in June, 1989, to represent a man in postconviction and appellate proceedings arising out of his theft conviction. Prior to that

appointment, the client had been represented by another private attorney appointed by the Public Defender and that attorney was unable to resolve an issue of sentence credit to which the client might be entitled for time served in jail awaiting trial.

The client wrote to Attorney Lehmann on July 23 and again on August 14, 1989 concerning his representation and specifically asked to be advised of the date of his appeal and the hearing on the issue of sentence credit. Attorney Lehmann wrote to the client on August 21, 1989 apologizing for the delay in responding to his letters and telling him he would file a postconviction motion in regard to the sentence credit "in the very near future." When he wrote that letter, Attorney Lehmann knew the client was relying on him to represent him on the sentence credit issue.

After being appointed to represent this client, Attorney Lehmann approached the prosecutor about the problem of sentence credit, telling her that he believed she was wrong in her position on the issue. The prosecutor was unaware of the number of days of sentence credit at issue and did not respond promptly to Attorney Lehmann's initial inquiry. Thereafter, Attorney Lehmann had between three and seven conversations with the prosecutor but each time the prosecutor was unable to answer his question concerning sentence credit because she had not yet looked into the matter. Those conversations were informal and took place in the corridors of the courthouse.

The client wrote to Attorney Lehmann on September 25, 1989 complaining that he had not heard anything concerning his case and therefore assumed nothing was being done on it. He asked Attorney Lehmann to let him know if he was too busy to handle the matter or did not

wish to, in which case the client would seek other counsel. Attorney Lehmann did not reply to that letter.

The client again wrote to Attorney Lehmann on October 23, 1989 expressing his concerns and the fact that his collect calls to Attorney Lehmann's office had been refused. Attorney Lehmann did not respond to that letter. On November 28, 1989 the client wrote to Attorney Lehmann, complaining that he had had no response to three letters regarding his appeal and the sentence credit issue. On the same day, the client wrote to the Public Defender asking that Attorney Lehmann be removed from his case and that his file be assigned to another attorney. On December 7, 1989 Attorney Lehmann met with the client at the institution where the client was incarcerated and told him he had talked with the prosecutor concerning the sentence credit issue but that it had not yet been resolved.

On March 13, 1990 the client wrote to Attorney Lehmann asking to be informed of the status of the matter and telling him that a parole hearing would be held in May or June and that the sentence credit issue could affect that hearing. Attorney Lehmann met with the client at the institution 10 days later and told him he was continuing to work on the issue and would contact him in a couple of weeks. When he did not do so, the client wrote to Attorney Lehmann on May 7, 1990, informing him that he would be meeting with the parole board and needed to have the sentence credit issue clarified. On May 17, 1990 Attorney Lehmann sent the prosecutor a copy of information from the Rock county jail showing the dates of the client's incarceration there awaiting trial in Dane county and sent a copy of that letter to the client.

On June 4, 1990 the client again wrote to Attorney Lehmann, telling him that he would be appearing before

the parole board between June 26 and 28 and that it would be helpful to have the sentence credit issue decided prior to that appearance. Attorney Lehmann filed a motion in circuit court on the issue on June 12, 1990, asking that a hearing be scheduled as soon as possible, as it affected the client's scheduled parole hearing. However, the issue was not resolved prior to the parole hearing and consideration of the client's parole was deferred for 12 months.

In early August, 1990, Attorney Lehmann and the prosecutor stipulated that the client was entitled to 172 days jail credit against his sentence and a hearing on the client's motion was held on September 7, 1990. The prosecutor did not investigate the matter sufficiently until the day of that hearing and at the hearing concluded that her position on the issue was mistaken. As a result, the client received additional sentence credit.

On the basis of those facts, the referee concluded as follows. In the first matter, by failing to timely file a brief in support of the postconviction motions he filed on his client's behalf or present or develop any information to specify the basis of alleged errors, Attorney Lehmann failed to act with reasonable diligence and promptness in representing the client, in violation of SCR 20:1.3.[1] Further, he failed to keep that client reasonably informed about the status of his legal matter and to promptly comply with reasonable requests for information from the client, in violation of SCR 20:1.4(a).[2] By

---

[1] SCR 20:1.3 provides:

**Diligence**
    A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides:

**Communication**

writing to the client that he had filed a brief with the court when, in fact, he had not, Attorney Lehmann engaged in conduct involving misrepresentation, in violation of SCR 20:8.4(c).[3]

In the second matter, the referee concluded that Attorney Lehmann failed to act with reasonable diligence and promptness in representing the client by failing to file a motion to obtain sentence credit for approximately one year after his appointment to represent the man in postconviction proceedings and more than nine months after assuring the client that he would bring on such a motion "in the very near future." Further, the referee concluded, by failing to respond to the client's repeated requests for information about the status of his case, Attorney Lehmann violated SCR 20:1.4(a).

As discipline for that professional misconduct, the referee recommended that the court suspend Attorney Lehmann's license to practice law for 60 days. The referee noted that, by failing to specify a factual basis for the client's postconviction motions in the first matter, Attorney Lehmann clearly violated a local court rule requiring such specificity. The referee rejected Attorney Lehmann's excuse that he had filed similar motions in a case in another county which were not dismissed for lack of specificity. The referee likewise rejected Attorney Lehmann's proffered excuse for failing to file a

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

brief—that he had decided to move to withdraw from that client's representation.

The referee acknowledged the fact that the client in the first matter had established a difficult relationship with prior public defender counsel representing him, whom he discharged, but noted that, in addition to unwarranted requests from the client, Attorney Lehmann repeatedly ignored reasonable requests for information concerning the client's case and copies of documents he had filed in it. Further, the referee considered that Attorney Lehmann's statement to his client that he had filed a brief on the postconviction motions when, in fact, he had not done so was designed to lead the client to believe he had done what he had promised to do in an earlier letter—incorporate the client's memorandum in a brief he would prepare and file with the court. In regard to the second matter, the referee noted that the client will never know whether resolution of the sentence credit issue might have made any difference in the disposition at his parole hearing, as Attorney Lehmann's neglect prevented the client from presenting that information at that hearing.

In recommending a license suspension, the referee took into consideration that Attorney Lehmann twice had been disciplined for professional misconduct. While acknowledging that the prior discipline was imposed for violations of rules other than those applicable here, the referee deemed his misconduct considered in this proceeding to constitute serious violations and that Attorney Lehmann has demonstrated a "continuing pattern of disregard of Supreme Court rules of conduct that cannot be excused or ignored."

In this appeal, Attorney Lehmann contended that the referee's conclusions that he engaged in professional misconduct in these matters are not supported by clear

and convincing evidence. That contention is without merit. Likewise without merit is his argument that the referee was in effect determining the adequacy of the postconviction motions he filed when the referee concluded that his failure to comply with the local court rule requiring specific grounds and factual basis for motions constituted a lack of diligence and timely performance of his obligations to his client. We also reject Attorney Lehmann's contention that his ongoing informal conversations with the prosecutor on the issue of his client's sentence credit for jail time served constituted a reasonable tactical choice and diligent representation of that client.

In these two matters, Attorney Lehmann has demonstrated his willingness to ignore repeated requests from his clients for information concerning the status of their cases and the efforts being made on their behalf. In addition, he failed to perform the work he was retained to do: he did not prepare or file a brief in support of his client's postconviction motions and did nothing to develop specific arguments to present to the court on the factual and legal basis of those motions. Moreover, he attempted to deceive his client by telling him he had filed a brief when he filed only the memorandum the client himself had prepared, one which Attorney Lehmann had previously told the client he intended to incorporate into a brief he would prepare and file. In the other client's matter, for almost one year Attorney Lehmann did no more than engage in casual, informal conversations with the prosecutor concerning a sentence credit issue which was ultimately resolved in his client's favor.

By his conduct in these matters, Attorney Lehmann violated his fundamental duty to pursue his clients' interests diligently and timely. Added to that, he

attempted to deceive one of those client's concerning the work he had done on his behalf. His dereliction of his professional duty to these clients was serious and warrants the license suspension recommended by the referee.

Attorney Lehmann filed an objection to the Board's statement of costs but did not specify in what respect he objected. After the Board sent him a detailed itemization of those costs, he did not renew his objection. Accordingly, the objection to costs is rejected.

IT IS ORDERED that the license of David E. Lehmann to practice law in Wisconsin is suspended for a period of 60 days, commencing March 1, 1993.

IT IS FURTHER ORDERED that within 60 days of the date of this order David E. Lehmann pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of David E. Lehmann to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that David E. Lehmann comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.