IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
David E. LEHMANN, Attorney at Law.

Supreme Court

*No. 93-0517-D. Filed January 10, 1994.*

(Also reported in 509 N.W.2d 291.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

The court reviews the recommendation of the referee that the court suspend the license of Attorney David E. Lehmann to practice law for one year as discipline for professional misconduct. That misconduct consisted of his withdrawing from a corporate client's bank account money in excess of what he was entitled to pursuant to a written contract for his services, failing to respond to repeated requests from the corporation's president for information regarding the corporation, failing to inform the president of the disbursements he made from the corporation's account in excess of his allowable fee, failing to respond promptly to requests for information from an accountant retained to prepare financial statements and tax returns for the corporation to accomplish its liquidation and failing to respond promptly and fully to numerous requests from the Board of Attorneys Professional Responsibility (Board) for information concerning the grievance filed by the corporation's president.

We determine that the recommended license suspension is appropriate discipline to impose for Attorney Lehmann's misconduct established in this proceeding. Even though the referee concluded that Attorney Lehmann's withdrawal of funds exceeding the amount to which he was entitled as his fee did not constitute conduct involving dishonesty, fraud, deceit or misrepresentation, as the Board had alleged, and we do not conclude otherwise, Attorney Lehmann has demonstrated his willingness to withhold important financial information from persons entitled to it—the corporation's president, its accountant and the Board—in order to conceal what he thought might be

perceived as dishonest conduct. Moreover, this is the fourth time Attorney Lehmann is being disciplined for professional misconduct.

Attorney Lehmann was licensed to practice law in Wisconsin in 1978 and practices in Madison. He has been disciplined for professional misconduct three times previously. In 1984 the Board publicly reprimanded him for asking an insurer to make a client's personal injury settlement payable to himself and the client rather than to the firm with which he was employed and for taking a part of the proceeds of that settlement as his fee without prior knowledge or authorization of the firm and without disclosing it to the trustee in the firm's bankruptcy. In 1989 the Board privately reprimanded him for neglect in failing either to file a civil action on behalf of a client within the statute of limitations or to take steps to ascertain whether the client wanted to proceed in the matter. In 1993 the court suspended his license for 60 days for neglect in his representation of two criminal defendants he was appointed to defend and his intentional disregard of those clients' matters, as well as of the clients themselves, and for attempting to deceive one of those clients concerning the work he had agreed to do on that client's behalf. *Disciplinary Proceedings Against Lehmann,* 173 Wis. 2d 614, 494 N.W.2d 432. Attorney Lehmann is currently suspended from practice for failure to pay membership dues to the State Bar of Wisconsin.

Following a disciplinary hearing, the referee, Attorney John Schweitzer, made the following findings of fact. From early 1988 through late 1991, Attorney Lehmann provided general legal counsel services to a management partnership and to a management corporation established by the two persons who comprised

479

the partnership. In March, 1988, he entered into a fee agreement with the corporation establishing his compensation for specified services at 30 percent of the gross amount of the corporation's collections on bad debts.

In 1988, Attorney Lehmann negotiated the sale of a corporate asset for $30,500, of which he was entitled to $9,150 as his fee and from which he was required by the fee agreement to pay costs of collection to a third person in the amount of $1,032.50. Over a period of four months, Attorney Lehmann disbursed from the corporation's account to himself twelve checks totaling $12,700 and two checks to the third person totaling $1,032.50 for costs of collection.

In early 1989, the president of the corporation was replaced and soon thereafter Attorney Lehmann restored to the corporation's account the amount he had disbursed for costs of collection and the $3,550 he had disbursed to himself in excess of the fee to which he was entitled. He did not, however, inform the new president either that he had made those disbursements or that he had replaced the excess funds.

In the latter half of 1990, the corporate president made repeated attempts to contact Attorney Lehmann, who did not respond to messages for a period of two months. After the president sent Attorney Lehmann a letter threatening to file a grievance against him with the Board, communication between the two and Attorney Lehmann's legal services improved through early March, 1991. From then through June of that year, the president was again unable to contact Attorney Lehmann, despite leaving numerous calls for him.

When a certified public accountant retained by the corporation asked Attorney Lehmann for corporate records, he did not comply with that request in respect

to copies of bank statements and canceled checks for the period covering the time he had made disbursements to himself and for costs of collection. He ultimately provided that information to the accountant but never told him he had replaced the excess fees and costs he had disbursed from the corporation's account.

The corporate president ultimately filed a grievance with the Board and the Board asked him for a response. Attorney Lehmann did not respond within the time specified. He sought an extension of time to respond but did not respond within the extension granted and, after he responded and the Board requested answers to three specific questions, he filed a response that did not provide those answers. He eventually answered those questions but did not respond at all to an additional request from the Board for further information, even though he asked for and obtained an extension of time to do so.

On the basis of those facts, the referee concluded that the evidence was not clear and satisfactory that Attorney Lehmann's disbursement of corporate funds to himself and for payment of costs of collection constituted an intentional misappropriation. Accordingly, the referee concluded that his withdrawal of funds from the corporation's account did not constitute conduct involving dishonesty, fraud, deceit or misrepresentation, as the Board had alleged.

The referee did conclude, however, that Attorney Lehmann's failure to respond to repeated requests for information from the corporate president and his failure to inform him of disbursements he had made in excess of the amount to which he was entitled constituted a failure to keep a client reasonably informed about the status of his representation and promptly comply with reasonable requests for information, in

481

violation of SCR 20:1.4(a).[1] In addition, the referee concluded that by not completing corporate documentation and furnish it to the accountant to accomplish the corporation's liquidation and by not responding fully and promptly to the accountant's requests for documents, Attorney Lehmann failed to act with reasonable diligence and promptness in representing the corporate client, in violation of SCR 20:1.3.[2] Finally, the referee concluded that Attorney Lehmann's failure to respond promptly and fully to the Board in its investigation of the client's grievance constituted a failure to cooperate, in violation of SCR 21.03(4),[3] and to disclose fully and fairly all facts and circumstances pertaining to alleged misconduct, in violation of SCR 22.07(2).[4]

---

[1] SCR 20:1.4 provides:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[2] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 21.03 provides:

**General principles.**
. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[4] SCR 22.07 provides:

**Investigation.**
. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts

As discipline for that misconduct, the referee recommended that the court suspend Attorney Lehmann's license to practice law for one year. The referee also recommended, as a condition of reinstatement of his license, that Attorney Lehmann be required to complete at least four hours of continuing legal education in the area of corporate law. In making that recommendation, the referee expressed concern with Attorney Lehmann's apparent failure to comprehend the nature of a corporation and the rights of its shareholders, as contrasted to the interests of its officers and directors. Finally, the referee recommended that Attorney Lehmann be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended one-year suspension of Attorney Lehmann's license to practice law is appropriate discipline to impose for his misconduct. We do not impose a legal education requirement as a condition of Attorney Lehmann's license reinstatement, as the license suspension itself should provide sufficient protection to the public from further misconduct of this nature by Attorney Lehmann in the event his license is reinstated. Moreover, we are not persuaded that his misconduct resulted from a lack of competence in the practice of a specific area of law as opposed to a willingness to accommodate the personal interests of an officer of a client corporation.

---

and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

IT IS ORDERED that the license of David E. Lehmann to practice law in Wisconsin is suspended for a period of one year, commencing February 21, 1994.

IT IS FURTHER ORDERED that within 60 days of the date of this order David E. Lehmann pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of David E. Lehmann to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that David E. Lehmann comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.